UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brighthouse Life Insurance Company,

Plaintiff,

v.

Terry Darakis, *et al.*,

Defendants.

Case No. 3:25-cv-831

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiff Brighthouse Life Insurance Company filed an interpleader complaint pursuant to 28 U.S.C. § 1335 against Defendants Terry Darakis and Jane Rinto, Executor of the Estate of Christopher Darakis. (Doc. No. 1). In 1996, Brighthouse issued an annuity to Joyce L.A. Darakis, who named her children Terry and Christopher as beneficiaries. (*Id.* at 2-3). In 2003, Christopher executed a durable power of attorney naming Joyce as his attorney-in-fact and Rinto as his successor attorney-in-fact. (*Id.* at 3).

Joyce died on September 29, 2023. (*Id.*). On October 3, 2023, an Arizona court temporarily appointed Terry as Christopher's guardian and conservator, as Christopher had previously been diagnosed with advanced Parkinson's disease and deemed to be unable to care for himself. (*Id.*). Terry submitted a form to Brighthouse on November 8, 2023, seeking to disclaim Christopher's interest in the annuity and, a few weeks later, submitted a claim for a lump sum distribution of the annuity. (*Id.* at 4). Brighthouse paid Terry one half of the annuity benefits but informed him that it needed new letters of appointment from the court clarifying whether he had the authority to

disclaim Christopher's interest. (*Id.* at 4-5). At some point, Terry's temporary guardianship terminated. (*Id.* at 4). On October 27, 2024, Christopher passed away. (*Id.* at 5).

Brighthouse subsequently filed suit, alleging it is unable to determine who is entitled to the remainder of the annuity death benefit. (*Id.*). Brighthouse seeks a declaratory judgment concerning the appropriate beneficiary, injunctive relief prohibiting the Defendants from pursuing any claim arising out of the annuity against it in any other court, as well as attorney fees and costs. Rinto filed an answer to the complaint, (Doc. No. 5), but Terry has not. For the reasons stated below, I grant Brighthouse's motion for entry of default judgment.

## II. Discussion

Rule 55 provides the two-step process a plaintiff must follow to obtain a default judgment. Fed. R. Civ. P. 55. The plaintiff must first obtain an entry of default from the clerk by showing "by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only after the clerk has entered default can the plaintiff obtain a default judgment under Rule 55(b). *See Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012). The Clerk of Court entered a default against Terry on November 19, 2025. (Doc. No. 9).

When considering a motion for default judgment "the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, [but] the Court must still determine whether those facts are sufficient to state a claim for relief with respect to [the] plaintiff's claims … for which the plaintiff seeks default judgment." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016). *See also DirecTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to

liability.") (citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995)) (further citation omitted).

A defendant who fails "to answer or otherwise defend his stake in the interpleader claim . . . forfeits any claim of entitlement that he might have asserted." *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (citing cases). And "[i]f only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016), *report and recommendation adopted,* No. 1:15-CV-535, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016) (citations omitted).

Brighthouse represents that Terry informed its counsel that he did not intend to respond to the interpleader complaint, and his deadline to do so has passed. (*See* Doc. No. 10 at 7); Fed. R. Civ. P. 12(a)(1). Accordingly, I conclude Terry has forfeited any claim to the annuity death benefit and grant Brighthouse's motion for default judgment.

Brighthouse also seeks payment of its attorney fees and costs associated with bringing this action in the amount of $5,405.00. (Doc. No. 10 at 9-10). "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited funds into court, and (4) has sought a discharge from liability." *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (citation omitted). Brighthouse asserts it is a disinterested stakeholder that concedes liability and seeks to deposit the annuity death benefit with the Court or with Rinto as executor of Christopher's estate, as well as a discharge from liability. (Doc. No. 10 at 9). Brighthouse states it

> attempted to engage the parties in settlement of their dispute and succeeded in getting a release from Terry which would have avoided the need to move for a default judgment had Terry executed the release without notating that the release had been made under duress. In addition, [Rinto] has until only very recently been unable to produce documentation proving that she is the personal representative of the Estate which precluded Brighthouse from paying the funds to her in the absence

> of a court order. As a result, Brighthouse has had to engage in this litigation and incur legal fees to pay out the Remaining Death Benefit.

(*Id.* at 10). Brighthouse also represents Rinto does not object to the reasonableness of its requested amount of fees and costs. (*Id.*). I conclude Brighthouse is entitled to recover its attorney fees and costs incurred in bringing this action.

I order that Brighthouse shall pay the remaining annuity death benefit to Rinto in her capacity as the executor of Christopher's estate, after deducting the amount of $5,405.00 to compensate it for its attorney fees and costs associated with this case. Further, I order that, upon distribution of the remaining annuity death benefit, Brighthouse shall be released from any further liability in connection with the annuity death benefit and that Defendants are permanently enjoined "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action." 28 U.S.C. § 2361.

## III. CONCLUSION

For the reasons stated above, I grant the motion of Brighthouse Life Insurance Company for entry of default judgment against Defendant Terry Darakis. (Doc. No. 10). Defendant Rinto's Motion for Telephonic Status Conference is denied as moot. (Doc. No. 14). I further order that, upon certification of the distribution of the annuity death benefit as set forth in this Memorandum Opinion and Order, this case shall be dismissed with prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge